24-1046
Romero-Lemus v. Blanche

BIA
Sagesse, IJ
A206 693 710

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

Bryan Steven Romero-Lemus,
> *Petitioner,*

v.                                                                      **24-1046**
                                                                        **NAC**

Todd Blanche, Acting United States
Attorney General,
> *Respondent.*

_____

FOR PETITIONER:          Judy Resnick, Law Office of Judy Resnick, Far Rockaway, NY.

FOR RESPONDENT:      Brett A. Shumate, Acting Assistant Attorney General; Colin J. Tucker, Senior Litigation Counsel, Office of Immigration Litigation; Katie E. Rourke, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bryan Steven Romero-Lemus, a native and citizen of El Salvador, seeks review of a March 28, 2024, decision of the BIA affirming a December 9, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bryan Steven Romero-Lemus*, No. A206 693 710 (B.I.A. Mar. 28, 2024), *aff'g* No. A206 693 710 (Immigr. Ct. N.Y.C. Dec. 9, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings

2

"under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, Romero-Lemus had to show past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [him]." *Id.* § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). Where, as here, the fear is of private actors, the applicant must show that the government was or will be "unable or unwilling to control" the perpetrators; this means that the applicant must show "that government authorities . . . condoned [the conduct] or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (internal quotation marks omitted). Romero-Lemus alleged past persecution and a fear of future persecution on account of his membership in a particular social group of "minor[s] returning to El Salvador after being in the United States who would be targeted by the criminal cartels in El

3

Salvador, which are uncontrolled." Certified Admin. Rec. at 105. He has abandoned or failed to exhaust dispositive issues.

The BIA found that Romero-Lemus waived asylum and withholding of removal by failing to meaningfully challenge the IJ's findings regarding cognizability of his proposed group and failing to challenge the Salvadoran government's ability and willingness to protect him. His brief here does not acknowledge, much less challenge, the BIA's waiver finding. Accordingly, he abandons review of that finding, which is dispositive of asylum and withholding of removal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)); *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding that when the BIA determines that an issue has been waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived"). Romero-Lemus has similarly abandoned review of his CAT claim by failing to raise it in his brief. *See Debique*, 58 F.4th at 684.

Because the abandoned issues are dispositive, we need not reach the agency's alternative reasons for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24,

4

25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Meanwhile, we reject Romero-Lemus's due process arguments because they are unexhausted, conclusory, and unsupported.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims" or "that the IJ or BIA otherwise deprived h[im] of fundamental fairness." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court